UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------------------
CHANA HECHT                                        **CLASS ACTION**
                                                   **COMPLAINT**

                                    Plaintiff,

      -against-

UNITED COLLECTION BUREAU, INC.

                                    Defendant.
-------------------------------------------------------------------------

## COMPLAINT FOR VIOLATIONS
## OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages arising from the Defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff also seeks damages arising from the Defendant's violation of Conn. Gen. Stat. § 42-110a, *et seq.*, the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"), which proscribes unfair or deceptive acts or practices in the conduct of any trade or commerce.

### Introduction

1. This action seeks redress for the illegal practices of Defendant, concerning the collection of a consumer debt, in violation of the FDCPA, 15 U.S.C. § 1692, *et seq.* and CUTPA, Conn. Gen. Stat. § 42-110a, *et seq.*

### Jurisdiction and Venue

2. This Court has Federal question jurisdiction under 28 U.S.C. § 1331 and supplemental

1

jurisdiction under 28 U.S.C. § 1367 for the CUTPA claim. The claims arise from the same set of facts and transactions.

3.  Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this District. Additionally, Plaintiff resides in this District.

4.  Plaintiff is a resident of the State of Connecticut who resides in Fairfield County.

5.  Plaintiff is a "Consumer" as that term is defined by § 1692a(3) of the FDCPA in that Plaintiff is a natural person and the alleged debt that the Defendant sought to collect from Plaintiff is a consumer debt.

6.  Upon information and belief, Defendant is an active Ohio corporation, which caused the collection calls complained of herein to be sent within the county of Fairfield, Connecticut.

7.  Defendant is regularly engaged in the collection of debts allegedly owed by consumers.

8.  Defendant is thus a "Debt Collector" as that term is defined by § 1692a(6) of the FDCPA.

9.  Defendant communicated with Plaintiff by leaving a telephone messages on Plaintiff's answering machine on or about July 22, 2010.

10. The aforementioned message left the following phone number (800) 925-9043. This telephone number belongs to United Collection Bureau.

11. The message from the Defendant violates 15 USC §§ 1692d(6) and 1692e(11).

12. The message in sum and substance asked that the consumer contact an individual, Charles Hallaby [sp?], about an important business mater, without indicating the nature of the call and failing to indicate the name of the company and the nature of the company's business.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of Plaintiff and all consumers and their successors in interest (the "Class") in the State of Connecticut who have received telephone calls from the Defendant as of 45 days prior to the filing of Plaintiff's complaint until 20 days after the date of this filing, which failed to identify the purpose of the call and failed to identify who the caller was as required by statute.

14. Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

15. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

16. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons in the State of Connecticut have received debt collection messages from the Defendant, which violate the above-referenced provisions of the FDCPA.

17. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of

law and fact include, without limitation:

    a.    Whether the Defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

    b.    Whether Plaintiff and the Class have been injured by the Defendant's conduct; and

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

18.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

19.    Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

20.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

21.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not

otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action, the Class members will continue to suffer losses of statutorily protected rights.

22.     Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

23.     Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

24.     Upon information and belief, the message received by the Plaintiff was a scripted message that was sent to other consumers.

25.     The impact of these message is to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

26.     Section 1692(d) prevents a debt collector from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt. Section 1692(d)(6) specifically prohibits the placement of telephone calls without meaningful disclosure of the caller's identity.

27.     Section 1692e of the Fair Debt Collection Practices Act states that:

"A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."

28.     Section e(11) mandates that communications state that they are from a debt collector.

5

29. Defendant violated the above sections by leaving a message on the Plaintiff's answering machine which failed to identify in any meaningful way the identity of the caller or the nature of the call.

### AS AND FOR A SECOND CAUSE OF ACTION

30. Plaintiff re-alleges and incorporates all the foregoing paragraphs as if set forth fully herein.

31. Defendant's conduct consists of unfair or deceptive acts or practices within the meaning of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. 42-110a *et seq*.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action for the State of Connecticut and certifying Plaintiff as Class representative;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class costs of this action, including reasonable attorneys' fees and expenses; and

d) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Cedarhurst, New York
        July 28, 2010

Plaintiff requests trial by jury on all issues so triable.

_____
Lawrence Katz
445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone  (516) 374-2118
Facsimile   (516) 706-2404