UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHANA HECHT,                              :
                                          :
     Plaintiff,                           :
                                          :
v.                                        :     No. 3:10cv1213 (MRK)
                                          :
UNITED COLLECTION BUREAU, INC.,           :
                                          :
     Defendant.                           :

# AMENDED MEMORANDUM OF DECISION[1]

In this case, Plaintiff Chana Hecht asserts two claims against Defendant United Collection Bureau, Inc. ("United Collection"): a federal law claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and a state law claim under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.* Ms. Hecht alleges that United Collection, a debt collector, left a message on her telephone answering machine without identifying itself as such. Ms. Hecht and her attorney hope eventually to have this case certified as a damages class action pursuant to Rule 23(b)(3) of the *Federal Rules of Civil Procedure*, though they have not yet moved to certify a Rule 23(b)(3) class.

---

[1] The purpose of this Amended Memorandum of Decision is to correct a typographical error in the original Memorandum of Decision. At page 14 of the original Memorandum of Decision, the Court indicated that it disposed of the pending motions in this case as follows: "United Collection's Motion to Dismiss the First and Second Causes of Action is DENIED IN PART and DENIED IN PART AS MOOT; and United Collection's Motion to Dismiss the Second Cause of Action from the First Amended Complaint is DENIED AS MOOT." The Court has altered that passage in this Amended Memorandum of Decision to correctly provide: "United Collection's Motion to Dismiss the First and Second Causes of Action is DENIED IN PART AS MOOT and GRANTED IN PART; and United Collection's Motion to Dismiss the Second Cause of Action from the First Amended Complaint is DENIED AS MOOT." The Court regrets the error.

1

There are two motions to dismiss pending before the Court: United Collection's Motion to Dismiss the First and Second Causes of Action [doc. # 19], and United Collection's Motion to Dismiss the Second Cause of Action from the First Amended Complaint [doc. # 28]. Both of the motions to dismiss are brought pursuant to Rule 12(b)(6). In support of the motions, United Collection argues that its settlement of an FDCPA class action in the United States District Court for the Eastern District of New York, *see* Final Order, *Gravina v. United Collection Bureau, Inc.*, No. 09cv4816 (LDW) (E.D.N.Y. Nov. 29, 2010), ECF No. 36, precludes Ms. Hecht's sole federal claim under the FDCPA, and that Ms. Hecht's Amended Complaint [doc. # 25] fails to state a claim for relief under CUTPA. For the reasons set forth below, the Court agrees with United Collection's first argument and ultimately finds it unnecessary to reach United Collection's second argument.

## I.

As it must, the Court accepts the factual allegations in Ms. Hecht's Amended Complaint as true and draws all reasonable inferences in Ms. Hecht's favor. *See Matson v. Board of Education of the City School District of New York*, 631 F.3d 57, 63 (2d Cir. 2011) (citation omitted). United Collection is an Ohio-based debt collector. On July 22, 2010,[2] United Collection called Ms. Hecht at her home in Fairfield, Connecticut. United Collection left a message on Ms. Hecht's answering machine asking her to call Charles Hallaby at (800) 925-9043 about an important business matter. United Collection did not identify itself in the message; did not indicate that it was a debt collector; and did not indicate that the purpose of the call was to

---

[2] The original Complaint [doc. # 1] alleged that the incident at issue in this case occurred on July 22, 2010, and the parties' briefs also indicate that the incident occurred on that date. Although the Amended Complaint does not mention the date of the incident, the Court assumes that the omission of the date is simply an oversight.

attempt to collect on a debt. Ms. Hecht alleges that by leaving the message and causing her to play back the message on her answering machine, United Collection caused her to use additional electricity in her home that she would not otherwise have used.[3]

## II.

The Court must apply a familiar standard when ruling on any motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). The Court must "accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Matson*, 631 F.3d at 63 (2d Cir. 2011) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In assessing the plausibility of a plaintiff's allegations, the question is not whether the plaintiff will ultimately prevail, but whether the "complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, --- S. Ct. ----, No. 09-9000, 2011 WL 767703, at *6 (Mar. 7, 2011). The "plausible grounds" requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim for relief. *Twombly*, 550 U.S. at 556; *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010) ("[W]e reject [the] contention that *Twombly* and *Iqbal* require the pleading of specific evidence or extra facts beyond what is needed to make the claim plausible."). Simply put, "[w]hile a complaint need not

---

[3] Ms. Hecht included the allegation regarding her additional electricity usage because the FDCPA permits recovery of $1,000 statutory damages plus "actual damage[s]," 15 U.S.C. § 1692k(a), and CUTPA only authorizes suits by those who have suffered an "ascertainable loss" and limits their recovery to "actual damages" plus punitive damages. Conn. Gen. Stat. § 42-110a.

3

contain 'detailed factual allegations,' it requires 'more than an unadorned, the defendant-unlawfully-harmed-me accusation.'" *Mason*, 631 F.3d at 63 (citing *Iqbal*, 129 S. Ct. at 1949).

### III.

There are two different motions to dismiss pending this case. Each motion to dismiss is targeted at a different claim in Ms. Hecht's Amended Complaint. The Court will first address whether the *Gravina* class action settlement precludes Ms. Hecht's FDCPA claim. *See* 15 U.S.C. § 1692k. Because the Court concludes that the *Gravina* settlement precludes Ms. Hecht's sole federal law claim, the Court ultimately finds it unnecessary to reach the issue of whether Ms. Hecht's Amended Complaint states a CUTPA claim. *See* Conn. Gen. Stat. § 42-110g(a).

### A.

As a preliminary matter, although United Collection's Motion to Dismiss the First and Second Causes of Action initially targeted both of Ms. Hecht's claims, the Court permitted Ms. Hecht to amend her original Complaint in response to United Collection's argument that the original Complaint contained insufficient factual allegations to state a CUTPA claim. Ms. Hecht later filed an Amended Complaint containing additional factual allegations regarding her CUTPA claim. The Court therefore DENIES IN PART AS MOOT United Collection's Motion to Dismiss the First and Second Causes of Action, insofar as that motion to dismiss argued that the factual allegations supporting Ms. Hecht's original CUTPA claim were insufficient.

United Collection's Motion to Dismiss the First and Second Causes of Action therefore remains pending only as to Ms. Hecht's FDCPA claim. On September 15, 2010, the United States District Court for the Eastern District of New York certified *Gravina* as a Rule 23(b)(2) class action. In its order certifying the class, the *Gravina* court defined the Rule 23(b)(2) class as including "all persons with addresses in the United States of America who received a message

4

left by Defendants on a telephone answering device which did not identify Defendant itself by name as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collection and which message was left" between November 5, 2008 and September 15, 2010. Order Certifying Settlement Class and Preliminary Approval of Settlement, *Gravina*, No. 09cv4816 (LDW) (E.D.N.Y. Sept. 15, 2010), ECF No. 31. Ms. Hecht received her call from United Collection on July 22, 2010, and her claim thus clearly falls within the bounds of the *Gravina* class.

On November 29, 2010, the *Gravina* court entered an order approving a class action settlement pursuant to Rule 23(e). In that order, the court again defined the class; noted that a notice of the settlement had appeared in the Monday edition of *USA Today* on September 20, 2010;[4] and indicated that as of November 29, 2010, no class members had elected to opt out of or to object to the settlement in any way. The court-approved settlement awarded *cy pres* relief in the amount of $13,245.01 to the Make-A-Wish Foundation of Suffolk County, New York, and *cy pres* relief in the amount of $13,254.01 to the Western Center on Law and Poverty, as well as an award of attorneys' fees and costs to the class counsel. The total amount of the *cy pres* payments equaled 2% of United Collection's net worth. The settlement permanently enjoined United Collection from leaving messages without identifying the nature of its communications.

United Collection argues that the class action settlement in *Gravina* precludes Ms. Hecht's FDCPA damages claim. It is undisputed that Ms. Hecht is in a member of the *Gravina* class; that Ms. Hecht made no attempt to opt out of the *Gravina* class, or to ask the *Gravina*

---

[4] Neither party bothered to provide this Court with a copy of the notice published in *USA Today*. However, the Court takes judicial notice of the notice language the *Gravina* parties jointly proposed in Exhibit B to their Consent Motion to Certify Class, No. 09cv4816 (LDW) (E.D.N.Y. Sept. 1, 2010), ECF No. 27-2, which the *Gravina* court approved.

5

court to reconsider its decision approving the settlement, or to attempt to appeal that decision to the Second Circuit directly; and that Ms. Hecht's FDCPA claim is essentially identical to the FDCPA claim in *Gravina*. But Ms. Hecht nonetheless argues that the *Gravina* settlement does not preclude her FDCPA claim for three reasons. First, she argues the *Gravina* settlement does not preclude FDCPA money damages claims by absent class members because the *Gravina* class was certified as a Rule 23(b)(2) class action rather than as a Rule 23(b)(3) class action. Second, she argues that giving preclusive effect to the *Gravina* settlement would deprive her of property without due process of law. *See* U.S. Const. amend. V. Third, she argues that the *Gravina* settlement can have no preclusive effect because United Collection failed to comply with the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715 *et seq.* All three arguments are without merit.

Ms. Hecht does not cite any authority in support of her blanket assertion that a settlement or judgment in a Rule 23(b)(2) class action does not preclude later damages claims brought by class members. Rule 23(b)(2) permits the maintenance of a class action if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Id.* Rule 23(b)(2)'s "drafters contemplated that a claim for money damages would not necessarily preclude class certification under (b)(2)." *Parker v. Time Warner Entertainment Co., LP*, 331 F.3d 13, 23 (2d Cir. 2003) (Newman, J., concurring); *see Robinson v. Metro-North Commuter Railroad Co.*, 267 F.3d 147, 162 (2d Cir. 2001). However, the drafters also cautioned that Rule 23(b)(2) "does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." Fed. R. Civ. P. 23 Advisory Committee's Note; *see Robinson*, 267 F.3d at 163. The Second Circuit has thus directed that a district court

faced with deciding whether to certify a Rule 23(b)(2) class seeking both injunctive or declaratory relief and money damages must determine whether the "injunctive or declaratory relief [sought] predominates," taking into account "all of the facts and circumstances of the case." *Robinson*, 267 F.3d at 164 (citations omitted). One of the factors that the Second Circuit has directed district courts to consider is whether "class treatment would be efficient and manageable, thereby achieving an appreciable measure of judicial economy." *Id.* at 164.

Because the Second Circuit has explicitly approved the use of Rule 23(b)(2) certification in cases seeking both injunctive relief and damages, this Court has no choice but to reject Ms. Hecht's blanket assertion that settlements and judgments in such cases cannot bind absent class members. After all, what would be the purpose of permitting district courts to certify 23(b)(2) class actions involving claims for money damages if the resolution of such claims could never bind absent, unnamed class members? Consistent with the Second Circuit's indication in *Robinson* that Rule 23(b)(2) may be used to resolve damages claims as long as injunctive or declaratory relief is the predominant form of relief sought, the *Gravina* court indicated that the settlement released United Collection from "*all* causes of action, controversies, actions, demands, torts, *damages*, costs, attorneys' fees, moneys due on account, obligations, judgments, alleged violations of the FDCPA and liabilities *of any kind whatsoever in law or* equity." Final Order, *Gravina*, No. 09cv4816 (LDW) (E.D.N.Y. Nov. 29, 2010), ECF No. 36 (emphasis added). The Court must assess the preclusive effects of the *Gravina* settlement and the *Gravina* court's broad release language under the general framework that it would use to assess the preclusive effects of any class action settlement, whether under Rule 23(b)(2) or (b)(3).

Although "the general rule always has been that a judgment in an *in personam* action is not binding on anyone who has not been designated as a party and been served with process," a

"recognized exception to th[at] principle is that a judgment in a class or representative action may bind members of the class who were not parties to the suit provided their interests were adequately represented." 7AA Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1789, at 546 (3d ed. 2005). At one time, the preclusive effect of a class action judgment depended on the characterization of the suit as a "true," "hybrid," or "spurious" class action. *Id.* § 1789, at 558. But the current version of Rule 26 provides "that uniform treatment be accorded to judgments in *all* class actions." *Id.* § 1789, at 550 (emphasis added); *see Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984) (providing that "a judgment in a properly entertaining class action is binding on class members in any subsequent litigation"). Rule 23(c)(3) provides that the judgment in any class action must describe those whom the court finds to be class members – including, if the action was certified under Rule 23(b)(3), those to whom notice was directed and who have not requested exclusion from the class. *See* Fed. R. Civ. P. 23(b). "The obvious implication of Rule 23(c)(3) is that anyone properly listed in the judgment should be bound by it absent some special reason for not doing so." 7AA Wright, Miller & Kane § 1789, at 553.

"Although the judgment in a class action will include by its terms all the class members, . . . this does not mean necessarily mean that all the persons named will be bound." *Id.* § 1789, at 553-54. "According to traditional notions, a member of the class in a Rule 23 suit is considered to be a party by representation, and thus we bound to the same extent as an action party." *Id.* § 1789.1, at 563-64. However, "in order to be deemed a party by representation, a class member must be represented in such a way that the member's rights are protected." *Id.* § 1789.1, at 564. "[A]n absent class member, even when specifically identified in the judgment, will not be bound if the absentee can establish that to do so would result in the deprivation of property without due

process of law, either because the class was inadequately represented or because of a failure to give adequate notice." *Id.*; *see, e.g.*, *Stephenson v. Dow Chemical Co.*, 273 F.3d 249, 261 (2d Cir. 2001) (concluding that class action settlement did not bind the plaintiffs because they were inadequately represented in the prior class action litigation), *aff'd in part and vacated in part*, *Dow Chemical Co. v. Stephenson*, 539 U.S. 111 (2003) (per curiam); *Morgan v. Ward*, 699 F. Supp. 1025, 1035 (N.D.N.Y. 1988) (concluding that class action settlement did not bind the plaintiffs because they did not receive notice that they were required to adjudicate their damage claims as part of the prior class action). "On the other hand, if the Court finds that the member's due-process rights were satisfied in the first proceeding, then the judgment will be binding." 7AA Wright, Miller & Kane § 1789.1, at 567; *see, e.g.*, *TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d 456,

Thus, the only way that Ms. Hecht can avoid being bound by the *Gravina* settlement – and the comprehensive release language in the order approving the settlement – is by showing that the settlement violated her Fifth Amendment right to due process. *See Stephenson*, 273 F.3d at 261.[5] "Due process requires adequate representation 'at all times' throughout the litigation, notice 'reasonably calculated . . . to apprise the interested parties of the pendency of the action,' and an opportunity to opt out." *Id.* at 260 (quoting *Phillips Petroleum Co v. Shutts*, 472 U.S. 797,

---

[5] It is the established law of the Second Circuit that an absent class member may raise the issue of adequacy of representation through a collateral attack on a class settlement. *See Stephenson*, 273 F.3d at 249. But that issue is not settled once and for all as a matter of federal law. The Supreme Court granted certiorari to review the Second Circuit's decision in *Stephenson*, *see Dow Chemical Co. v. Stephenson*, 537 U.S. 999, 999 (2002), and one of the questions on which the Supreme Court granted certiorari was whether such a collateral attack was permissible. Petition for Writ of Certiorari, *Dow Chemical Co.*, 539 U.S. 111 (No. 02-271). An equally divided Supreme Court affirmed the Second Circuit's decision on that question. *See Dow Chemical Co.*, 539 U.S. at 112.

811-12 (1985)). To satisfy due process, the notice given must be the best "practicable" notice under all the circumstances. *Phillips Petroleum*, 472 U.S. at 812.

Ms. Hecht has not shown that the *Gravina* settlement violated her due process rights. First, Ms. Hecht has made no attempt whatsoever to argue that she was not adequately represented in the *Gravina* litigation. Even if she had made that argument, the Court would reject it. As the notice published in *USA Today* regarding the *Gravina* settlement indicated, there were more than two million total members of the class to which Ms. Hecht concedes she belongs. The FDCPA provides that in an FDCPA class action, the class may recover a maximum of 1% of the debt collector's net worth. *See* 15 U.S.C. § 1692k(a)(2)(B). Under the *Gravina* settlement – which settled a state law claim as well as an FDCPA claim – United Collections paid the maximum amount of 1% of its net worth on the FDCPA claim, plus an additional 1% of its net worth on the state law claim, for a total payment of 2% of its net worth, or $26,508.02. United Collections paid most of the settlement in the form of *cy pres* payments, because it was not feasible to distribute $26,508.02 amount more than 2,000,000 class members. No named Plaintiff received more than $3,500, and class counsel received a payment of $90,000 for fees and expenses. It does not appear from those circumstances that Ms. Hecht and other class members who did not receive any damage payments were inadequately represented.

Second, the Court is quite confident that the notice the *Gravina* parties published in *USA Today* was the best practicable notice available under the circumstances, and was reasonably calculated to apprise interested parties of both the pending class action and the settlement. *See id.* at 811-12. Ms. Hecht suggests that the notice was inadequate because she did not receive personal notice, but it is well established that constructive notice through publication may be sufficient to satisfy due process. *See Wolfert ex rel. Estate of Wolfert v. Transamerica Home*

*First, Inc.*, 439 F.3d 165, 170 n.4 (2d Cir. 2006) (citing *Phillips Petroleum*, 472 U.S. at 808). Again, as the notice itself indicated, there were more than two million members of the class and the maximum that United Communication could have been required to pay to those class members under the FDCPA was approximately $13,000.

Under those circumstances, sending personal notice to every class member would have been anything but practicable. And even if the United States District Court for the Eastern District Court had certified *Gravina* as a Rule 23(b)(3) class action – in which was Rule 23(c)(2)(B) would have required "individual notice to all members who can be identified through reasonable efforts" – Ms. Hecht has not bothered to explain to this Court how it is that she thinks United Collection could have identified her specifically as a member of that two million member class through reasonable efforts. Under the circumstances, then, and particularly in light of Ms. Hecht's failure to articulate any other form of notice which would have been practicable under the circumstances, the Court concludes that notice by publication in *USA Today* was sufficient to satisfy the requirements of due process. *See, e.g.*, *One Cowdray Park LLC v. Marvin Lumber & Cedar Co.*, 371 F. Supp. 2d 167, 171 (D. Conn. 2005) ("[O]n the limited record before the Court it appears that the newspaper notice provided to absent class members . . . satisfied the requirements of due process . . . .").

Finally, it is clear that Ms. Hecht had an opportunity to opt out of the settlement. The Second Circuit holds that an absent class member cannot be bound by a class action judgment or settlement if she was not provided with a chance to opt out of the judgment or settlement. *See Stephenson*, 273 F.3d at 261. The *Federal Rules of Civil Procedure* require that district courts give absent class member notice of the right to opt out of a Rule 23(b)(3) class, *see* Fed. R. Civ. P. 23(c)(2)(B)(v), but they do not explicitly require that notice be given of the right to opt out of

11

a Rule 23(b)(1) or (b)(2) class. *See* Fed. R. Civ. P. 23(c)(2)(A) ("For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class."). Thus, Ms. Hecht is likely correct that there are circumstances under which a notice in a Rule 23(b)(1) or (b)(2) class would be fully compliant with the requirements of the *Federal Rules of Civil Procedure,* yet would not provide an essential due process requirement to make a class judgment or settlement binding on all absent class members. *See Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962, 966 n.14 (2d Cir. 1978) ("[U]nder (b)(3) class members must be given an opportunity to opt out of the class and avoid the binding effect of the judgment, whereas that is not the case under (b)(2).").

This, however, is not such a case. The United States District Court for the Eastern District of New York was careful to ensure that absent class members had notice of their right to opt out of the *Gravinas* settlement, and a real opportunity to opt out, even though the *Federal Rules of Civil Procedure* did not require such notice or such opportunity to be given. The notice published in *USA Today* explicitly indicated that any class member could opt out, bring an individual claim under the FDCPA, and recover up to $1,000 plus actual damages. By explicitly providing notice of the right to opt out, the *Gravina* court adequately protected the due process rights of Ms. Hecht and the other absent class members. *See In re Visa*, 280 F.3d at 147 (providing that "the primary concern about certifying a class with significant damages under Rule 23(b)(2) is the absence of mandatory notice and opt-out rights"); *Allison v. Citgo Petroleum Corp.*, 151 F.3d 403, 418 n.13 (5th Cir. 1998) ("By providing (b)(2) class members with the procedural safeguards of notice and opt-out, the district court can permit . . . class actions to proceed under 23(b)(2) without requiring that such actions meet the stiffer requirements of 23(b)(3), yet still ensure that the class representatives adequately represent . . . unnamed class members.").

The Court now turns to Ms. Hecht's CAFA argument. CAFA provides: "Not later than 10 days after a proposed settlement of a class action is filed in court, each defendant . . . shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement . . . ." *Id.* § 1715(b). CAFA further provides: "A class member . . . may choose not to be bound by a settlement agreement . . . in a class action if the class member demonstrates that the notice required under subsection (b) has not been provided." *Id.* § 1715(e)(1). Ms. Hecht asserts in opposition to the motion to dismiss that United Collection never served notice of the proposed settlement on the Connecticut Attorney General or any other representative of Connecticut. But United Collection has submitted an affidavit and other materials from the *Gravina* case documenting that, in fact, United Collections sent notice of the proposed settlement to the all fifty state Attorneys General, as well as the Attorneys General of the United States Territories and Puerto Rico and the United States Attorney General. *See* Ex. F to Reply Mem. in Further Supp. of Def.'s Mot. to Dismiss the First and Second Causes of Action [doc. # 27-6]. Ms. Hecht's CAFA argument is baseless.

Therefore, there can be no doubt that the *Gravinas* class action settlement precludes Ms. Hecht's FDCPA claim. As a result, the Court GRANTS IN PART United Collection's Motion to Dismiss the First and Second Causes of Action.

## C.

United Collection's Motion to Dismiss the Second Cause of Action from the First Amended Complaint is targeted at Ms. Hecht's CUTPA claim only. Ms. Hecht invokes this Court's federal question jurisdiction under 28 U.S.C. § 1331 because of the FDCPA claim, and argues that the Court also has supplemental jurisdiction over the CUTPA claim under 28 U.S.C.

§ 1367.[6] Supplemental or pendent jurisdiction is a matter of discretion, not of right. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 715-26 (1966). This Court may decline to exercise supplemental jurisdiction when it has dismissed all of the claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Kolari v. New York-Presbyterian Hospital*, 455 F.3d 118, 121-22 (2d Cir. 2006). Because Ms. Hecht's only federal claim has been dismissed, the Court declines to exercise supplemental jurisdiction over her remaining state law claim. Should she wish to do so, Ms. Hecht is free to pursue that claim in state courts. United Collection's Motion to Dismiss the Second Cause of Action is therefore DENIED as moot.

## IV.

In sum, then, the Court concludes that United Collection's Motion to Dismiss the First and Second Causes of Action is moot insofar as it attacked the sufficiency of the factual allegations in Ms. Hecht's original Complaint, which has been amended; that the *Gravina* settlement precludes Ms. Hecht's FDCPA claim, which is essentially identical to the claims asserted in *Gravina*; and that there is no reason for the Court to exercise discretionary jurisdiction over Ms. Hecht's remaining CUTPA claim. As a result, United Collection's Motion to Dismiss the First and Second Causes of Action is DENIED IN PART AS MOOT and GRANTED IN PART; and United Collection's Motion to Dismiss the Second Cause of Action from the First Amended Complaint is DENIED AS MOOT. **The Court directs the Clerk to enter judgment for United Collection on Ms. Hecht's FDCPA claim and to dismiss Ms. Hecht's CUTPA claim without prejudice to renewal in state court. The Court further directs the Clerk to close this case.**

---

[6] There does not appear to be a basis for diversity jurisdiction in this case, as it seems highly unlikely that Ms. Hecht suffered more than $75,000 in damages as a result of her alleged additional electricity use. *See* 28 U.S.C. § 1332(a).

IT IS SO ORDERED.

/s/    Mark R. Kravitz    
United States District Judge

**Dated at New Haven, Connecticut: March 9, 2011.**