UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------------------------
CHANA HECHT,

    Plaintiff,

-against-                                                                                            Civil Action No.
                                                                                                   3:10-cv-01213 (MRK)

UNITED COLLECTION BUREAU, INC.

Defendant.
-------------------------------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF A MOTION FOR RECONSIDERATION**

      This Motion for Reconsideration is made based upon the Court's failure to consider the case of <u>Eisen v. Carlisle & Jacqueline</u>, 417 U.S. 156 (1974).  This case was cited by Hecht in her Memorandum of Law.  The case held that the fact that there are numerous class members does not negate the obligation when forming a class to give each and every one of those members mail notice regardless of the fact that the amount of damages are so low that it would make such a class impractical.  The case clearly stands for the proposition that for the class members individual notice is clearly the best notice practicable under Rule 23(c)(2).  In light of the fact that this is a United States Supreme Court decision this Court is bound by such a decision and to ignore the decision is to essentially ignore the law.

      Further, the Court's decision ignores the fact that this was not Plaintiff's Motion but rather Defendant's Motion and it was Defendant's burden to prove that Plaintiff had been given due process through the service by publication.  In order to do so Defendant would have had to have shown that the best practicable notice to this Plaintiff was publication in U.S.A. Today.

1

While the Court seems to recognize that the service by publication was merely constructive i.e., that no one actually had notice of the proceedings and therefore no one had been given the right to opt out and further that no one had been given the right to object to the settlement agreement, it nonetheless found that this was the best practicable notice and that due process requirements had been met.  In doing so it relied mostly upon the decision of Judge Wexler in the <u>Gravina</u> matter.  However before this Plaintiff, Chana Hecht could be subject to any finding in that proceeding the Court would have first had to have found that due process was given to Ms. Hecht in that matter.  To use the findings in that matter in order to find that she received due process is to put the cart before the horse.

In fact, if one looks at the docket in the <u>Gravina</u> matter it is quite telling that there is not a single Affidavit or single document that shows any facts or proves in any way any of the findings made by the judge in that matter.  Given that there were no documents placed in that matter, nor any Affidavits other than the Affidavits of the attorney showing that they were qualified to be class representatives, there are no facts upon which this Court could have relied on in making any of its findings.

Most telling is the Court's finding that the CAFA requirements have been complied with.  Interestingly enough, none of the documents that were submitted here on this issue, were submitted in the action in <u>Gravina</u>.   Judge Wexler made no finding that CAFA had been complied with nor would he have had any basis for doing so.  Therefore in this matter the Court could not have relied on <u>Gravina</u> to find that CAFA had been complied with.  Nonetheless this

Court found that CAFA had been complied with based on documents submitted in reply to the opposition of this Plaintiff.

A review of the papers that defendant submitted demonstrate in fact a lack of compliance with CAFA. According to the papers submitted, First Class, Inc. indicated that it did not provide a list of class members who reside in the each state as this was not feasible. Of course there is nothing in the Affidavit from the Affiant to indicate that he has any personal knowledge of whether or not it was feasible to include this information. The CAFA Statute is very clear. It requires that each Attorney General be given in the first instance a list of the names of the class members residing within the state. If in fact this is not feasible, defendant must provide a reasonable estimate of the number of people within the state.

How could the Court without any facts and without giving Hecht an opportunity to be heard find that it was not feasible to produce a list of class members?

Pursuant to 28 USC section 1715(b) defendant was required to send notice to the Attorney General's office containing various information regarding the proposed class. Plaintiff, Chana Hecht could not be expected to possess any information regarding compliance with this CAFA requirement except for information contained within the *Gravina* docket. The *Gravina* docket contains no information regarding CAFA compliance and there is no finding or order regarding compliance with CAFA. Instead information was supplied by the defendant in its responsive papers- papers that Hecht did not have the ability to respond to.

Under these circumstances Hecht was entitled to a hearing on the issue of feasibility.

In any case the court should have ruled based upon the papers submitted by UCB for the Plaintiff Hecht as the papers demonstrate non-compliance. Specifically defendant UCB failed to comply with 28 USC section 1715(b)(7)(B).

Defendant submitted an affidavit from the notice company which clearly indicated that it did not send a list of the names of class members within a given state to each Attorney General, but instead claimed that this was not feasible.  While normally the court would have had to inquire as to whether in fact it was not feasible to comply, as suggested by the notice company, since defendant also failed to comply with the alternative subsection 28 USC section  1715(b)7(B), (the defendant did not provide a reasonable estimate of the number of class members residing in each State)  the only proper finding here was that the defendant had not complied with 28 USC Section   1715(b) and therefore the class action does not act as a bar on Hecht bringing this action.  28 USC section 1715(e).

Conclusion

Based upon the failure to give proper notice to the plaintiff and the failure to comply with CAFA, the *Gravina* matter does not bar this cause of action.

*Lawrence Katz*

Lawrence Katz
Attorney at Law
445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone  (516) 374-2118
Facsimile  (516) 706-2404
lkatz@lawkatz.com