UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHANA HECHT,                              :
                                          :
        Plaintiff,                        :
                                          :
v.                                        :    No. 3:10cv1213 (MRK)
                                          :
UNITED COLLECTION BUREAU, INC.,           :
                                          :
        Defendant.                        :

# RULING AND ORDER

In this case, Plaintiff Chana Hecht asserts two claims against Defendant United Collection Bureau, Inc. ("United Collection"): a federal law claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and a state law claim under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.* On March 8, 2011, the Court issued a Memorandum of Decision [doc. # 34] concluding that United Collection's settlement of an FDCPA class action in the United States District Court for the Eastern District of New York, *see* Final Order, *Gravina v. United Collection Bureau, Inc.*, No. 09cv4816 (LDW) (E.D.N.Y. Nov. 29, 2010), ECF No. 36, precluded Ms. Hecht's FDCPA claim and also declining to exercise supplemental jurisdiction over Ms. Hecht's CUTPA claim.[1] The Court entered a Judgment [doc. # 36] in favor of United Collection on March 9, 2011.

Pending before the Court is Ms. Hecht's Motion for Reconsideration [doc. # 37], which the Court construes as a timely motion to alter or amend the Judgment entered on March 9, 2011

---

[1] The Court later issued an Amended Memorandum of Decision [doc. # 35] and a Second Amended Memorandum of Decision [doc. # 39] to correct typographical errors in the original Memorandum of Decision. Neither changed the substance of the Court's decision.

pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*.² For the reasons set forth below, the Court DENIES the Motion for Reconsideration.

**I.**

Motions to alter or amend judgments are governed by Rule 59(e). A Rule 59(e) motion should "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see, e.g.*, *Linden v. District Council 1707-AFSCME*, No. 10-4145-cv, 2011 WL 1054031, at *1 (2d Cir. Mar. 24, 2011); *Matthews v. Connecticut Department of Public Safety*, No. 10cv325 (MRK), 2011 WL 285868, at *1 (D. Conn. Jan. 26, 2011). Such a motion "may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Horsehead Resource Development Co., Inc. v. B.U.S. Environmental Services, Inc.*, 928 F. Supp. 287, 289 (S.D.N.Y. 1996). In other words, such a motion "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Schrader*, 70 F.3d at 257.

**II.**

Ms. Hecht raises two arguments in support of the pending motion. First, she argues that under the Supreme Court's decision in *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156 (1974), the *Gravina* district court was required to provide individual notice to class members rather than notice by publication. *See Eisen*, 417 U.S. at 173. Second, she argues that it was United Collection's burden to show that United Collection complied with the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715 *et seq.*, and that United Collection failed to

---

² After Ms. Hecht filed the pending motion, but before the motion was fully briefed – and thus before the Court had an opportunity to rule on the motion – she filed a Notice of Appeal [doc. # 42] as to the Judgment.

carry that burden. Neither argument provides a reason for this Court to reconsider its decision that the *Gravina* class action settlement precludes Ms. Hecht's FDCPA claim.

A.

Ms. Hecht's first argument is that the Court's Memorandum of Decision overlooked the Supreme Court's controlling decision in *Eisen. See* 417 U.S. at 173. The *Eisen* plaintiffs were investors who alleged that the defendant brokerage firms had violated various provisions of the federal antitrust and securities laws. *See id.* at 159. The United States District Court for the Southern District of New York initially denied the plaintiffs' motion for class certification. *See id.* at 161-62. The United States Court of Appeals for the Second Circuit agreed that the proposed class was not certifiable under either Rule 23(b)(1) or Rule 23(b)(2). *See Eisen*, 417 U.S. at 163. However, the Second Circuit remanded to the district court to conduct a further inquiry regarding whether the proposed class was certifiable under Rule 23(b)(3). *See id.* at 164.

On remand, the district court certified the proposed class under Rule 23(b)(3). *See id.* Because the district court certified a Rule 23(b)(3) class, the district court was required to "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable efforts." Fed. R. Civ. P. 23(c)(2)(B); *see Eisen*, 417 U.S. at 166-67. *But see* Fed. R. Civ. P. 23(b)(2)(A) ("For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class."). The district court reasoned that even though it was required to follow Rule 23(c)(2)(B), individual notice was not required under Rule 23(c)(2)(B) because the cost of sending individual notice to 2,250,000 class members was prohibitively high given the fact that each class member's maximum potential stake in the litigation was only $70. *See Eisen*, 417 U.S. at 167-68.

3

Both the Second Circuit, *see id.* at 169, and the Supreme Court, *see id.* at 173, disagreed with the district court's interpretation of Rule 23(c)(2)(B). Noting that "the import of [Rule 23(c)(2)(B)'s] language is unmistakable," the Supreme Court held that "[i]ndividual notice *must* be sent to all class members whose names and addresses may be ascertained through reasonable effort." *Id.* at 173. The Supreme Court reasoned that it was impermissible for the district court to consider the cost of individual notice because "individual notice to identifiable class members is not a discretionary consideration" under Rule 23(c)(2)(B). *Id.* at 176. The Supreme Court concluded that "[i]n the present case, the names and addresses of 2,250,000 class members are easily ascertainable, and there is nothing to show that individual notice cannot be mailed to each." *Id.* at 175.

Although the Court agrees with Ms. Hecht, as it must, that *Eisen* is binding precedent, that case has little if anything to do with the issue that this Court faced when it ruled on United Collection's Motion to Dismiss the First and Second Causes of Action [doc. # 19]. The *Gravina* district court certified a class action under Rule 23(b)(2), not Rule 23(b)(3). Thus, the *Gravina* district court was not required to follow the strict notice requirements of Rule 23(c)(2)(B) as interpreted by the Supreme Court in *Eisen*. *See* Fed. R. Civ. P. 23(c)(2)(A) (providing that, in a Rule 23(b)(2) class action, the district court need only direct "appropriate" notice to the class); 7AA Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1786, at 500-01 (3d ed. 2005).[3] This Court reasoned in its Memorandum of Decision

---

[3] Ms. Hecht does not seek reconsideration regarding the Court's rejection of her blanket assertion that it is never appropriate for a district court to certify an FDCPA class action under Rule 23(b)(2). The drafters of Rule 23 recognized that "[i]n representative actions brought under [Rule 23(b)(2) as opposed to Rule 23(b)(3)], the class generally will be more cohesive." 7AA Wright, Miller & Kay § 1786, at 496. "This means that there is less reason to be concerned about each member of the class having an opportunity to be present." *Id.* The class in an FDCPA case like

dismissing Ms. Hecht's FDCPA claim that the notice provided by the *Gravina* district court was sufficient to satisfy the requirements of Rule 23(c)(2)(A) and of due process,[4] if perhaps not to satisfy the stricter requirements of Rule 23(c)(2)(B). *See Wolfert ex rel. Estate of Wolfert v. Transamerica Home First, Inc.*, 439 F.3d 165, 170 n.4 (2d Cir. 2006) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 808 (1985). The Court stands by its reasoning and its conclusion that the *Gravina* class action settlement precludes Ms. Hecht's FDCPA claim.

**B.**

Ms. Hecht's second argument is that United Collection did not carry its burden of showing that the *Gravina* class action settlement complied with the requirements of CAFA, 28 U.S.C. § 1715 *et seq.* Ms. Hecht does not cite a single case, statutory provision, or other legal authority in support of her second argument. She simply does not explain why she believes that a defendant arguing that a plaintiff's claim is precluded by a prior class action settlement has the burden of demonstrating that the settlement complied with CAFA. She provides no reasoning whatsoever to support her assertion that if district court does not specifically find in an order approving a class action settlement that CAFA's requirements have been satisfied, the settlement can have no preclusive effect on absent class members' future claims. Thus, the Court can only

---

*Gravina* is indeed more cohesive than in an ordinary class, both because any injunctive relief obtained will benefit all class members whether or not they have an opportunity to be present, and because Congress strictly limited the amount of damages available to the class to 1% of the debt collector's net worth – in this case, only $26,508.02. *See* 15 U.S.C. § 1692k(a)(2)(B).

[4] The Supreme Court's decision in *Eisen* references *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), and other due process cases. *See Eisen*, 417 U.S. at 173-74. But Ms. Hecht does not appear to dispute that *Eisen*'s holding with respect to notice is only about the interpretation of Rule 23(c)(2)(B), and not about the constitutional requirement of due process. *See id.* at 177 n.14 ("We are concerned here only with the notice requirements of subdivision (c)(2), which are applicable to class actions maintained under subdivision (b)(3). By its terms subdivision (c)(2) is inapplicable to class actions for injunctive or declaratory relief under subdivision (b)(2).").

conclude that Ms. Hecht's second argument represents a bare attempt to "relitigate an issue already decided," *Schrader*, 70 F.3d at 257 – namely, whether the *Gravina* class action settlement complied with CAFA's requirements – and an issue that the Court already fully addressed in its prior opinion.

### III.

In sum, the Court concludes that the Supreme Court's decision in *Eisen* relates only to Rule 23(b)(3) class actions rather than to Rule 23(b)(2) class actions, and further that through her CAFA argument, Ms. Hecht seeks nothing more than to relitigate an issue that this Court has already decided. For those reasons, her Motion for Reconsideration [doc. # 37] is DENIED.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: April 12, 2011.**